# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NAVARRO, | CASE NO. 1:11-cv-01459-AWI-SKO |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND** |
| v. | |
| K. XIONG, et al., | |
| Defendants. | |

## I. INTRODUCTION

On August 31, 2011, Plaintiff David Navarro ("Plaintiff") filed a complaint asserting a claim under 42 U.S.C. § 1983 against Defendants K. Xiong, Badge # 1540; M. Khela, Badge # 1589; C. Oneil, Badge #1565; D. Fink, Badge # 1578; A. Vallez, Badge # 1558; and G. Tushnet, Badge # 1118 (collectively "Defendants"). (Doc. 1.) For the reasons set forth below, Plaintiff's complaint is DISMISSED without prejudice and Plaintiff is granted leave to amend.

## II. FACTUAL BACKGROUND

Plaintiff asserts that on July 15, 2011, police awakened him from sleep and ordered him to "get down." (Doc. 1, p. 3.) The arresting officers, however, did not tell him who they were or warn him that they would release the "K-9"[1] if he failed to comply with their orders. (Doc. 1, p. 4.) Upon

---

[1] K-9 is a frequently used acronym for canine.

ordering Plaintiff to "get down," the K-9 was released and Plaintiff was knocked to the ground by the dog. (Doc. 1, p. 4.)  Plaintiff asserts the use of the K-9 constituted excessive force because he was not running or hiding from police. (Doc. 1, p. 5.)

### III.   DISCUSSION

**A.   Screening Requirement**

In cases where the plaintiff is a prisoner proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.   Legal Standard**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

1  **C.    Plaintiff's Fourth Amendment Claim Requires Amendment**

2  The Fourth Amendment, made applicable to the states by the Fourteenth Amendment,
3  guarantees against unreasonable government searches and seizures. *Maryland v. Pringle*, 540 U.S.
4  366, 369 (2001). A seizure occurs where the government ends a person's freedom of movement by
5  intentionally applied means. *Scott v. Harris*, 550 U.S. 372, 381 (2007). A claim of excessive force
6  in the course of a seizure is properly analyzed under the Fourth Amendment's "objective
7  reasonableness" standard. *Id.*

8  A police officer's use of a police dog in effecting an arrest is subject to an excessive force
9  analysis. *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998); *Mendoza v. Block*,
10  27 F.3d 1357, 1362 (9th Cir. 1994), *as amended* May 31, 1994. Whether the alleged facts support
11  an excessive force claim is a matter for the jury. *See, e.g., Smith v. City of Hemet*, 394 F.3d 689,
12  703-04 (9th Cir. 2005), *cert. denied*, 545 U.S. 1128 (2005).

13  The allegations of the complaint generally set forth an excessive force claim pursuant to the
14  Fourth Amendment. It is not clear, however, which Defendants named in the caption of the
15  complaint were involved in Plaintiff's arrest or the alleged events of July 15, 2011, because there are
16  no allegations regarding any particular Defendant contained within the body of the complaint. To
17  be cognizable, an excessive force claim must contain allegations regarding who was present and
18  participated in the alleged excessive force. Without such allegations, Plaintiff's excessive force
19  claim is not cognizable with respect to any particular Defendant.

20  **D.    Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading.**

21

22  Plaintiff will be given an opportunity to amend the deficiencies of the complaint as outlined
23  above. Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in
24  itself without reference to any prior pleading. As a general rule, an amended complaint supersedes
25  the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an
26  amended complaint, the original pleading no longer serves any function in the case. Therefore, in
27  an amended complaint, as in an original complaint, each claim and the involvement of each
28  Defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fails to cure

the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

### IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND; and

2. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:   October 27, 2011**                    /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE