# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NAVARRO, | CASE NO. 1:11-cv-01459-LJO-SKO |
| Plaintiff, | **ORDER ON PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| K. XIONG, et al., | |
| Defendants. | |

## I. INTRODUCTION

On August 31, 2011, Plaintiff David Navarro ("Plaintiff") filed a complaint asserting a claim under 42 U.S.C. § 1983 against Defendants K. Xiong, Badge # 1540; M. Khela, Badge # 1589; C. Oneil, Badge #1565; D. Fink, Badge # 1578; A. Vallez, Badge # 1558; and G. Tushnet, Badge # 1118. (Doc. 1.)

On October 28, 2011, the Court issued an order dismissing Plaintiff's complaint and granting 30 days leave to amend. (Doc. 11.) On November 23, 2011, Plaintiff filed a First Amended Complaint ("FAC") against Defendants K. Xiong, Badge # 1540 and G. Tushnet, Badge # 1118. (Doc. 12.) For the reasons set forth below, the Court finds that Plaintiff has stated a cognizable Section 1983 claim as to both Defendants Xiong and Tushnet, and the FAC is amenable to service

by the United States Marshal.

## II. FACTUAL BACKGROUND

In the FAC, Plaintiff asserts that on July 15, 2011, at approximately 4:00 a.m., police officers G. Tushnet and K. Xiong were involved in arresting Plaintiff at his house. (Doc. 12, p. 1.) Plaintiff asserts that the officers woke him when they came into his living room. (Doc. 12, 2:4-6.) Upon the officers' entry to his house, Plaintiff immediately sprung to his feet, shielding his eyes from the officers' flashlights with open hands palms out. (Doc. 12, p. 2:8-9.) Plaintiff asserts that he was unarmed and cooperative. (Doc. 12, p. 2:10-11.) Plaintiff was then attacked by the officers' dog ("K-9"), and was "viciously mauled at [the officers'] direction." (Doc. 12, 2:14-15.) Plaintiff further asserts the following:

> In no way shape or form did I ever understand the situation or give reason for such a vicious attack upon my person. I never threatened a[n] officer or showed proof of a violent nature. I was asleep. I have been victimized by said parties and the police dog. I received 76 sti[t]ches on my ear and neck area.

(Doc. 12, 2:22-3:2.)

## III. DISCUSSION

### A. Screening Requirement

In cases where the plaintiff is a prisoner proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### B. Legal Standard

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

**C.     Plaintiff's Section 1983 Claim for Excessive Force is Cognizable**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

An allegation of the use of excessive force by a law enforcement officer in effecting an arrest states a valid claim under Section 1983. *See Rutherford v. City of Berkeley*, 780 F. 2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989).

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, guarantees against unreasonable government searches and seizures. *Maryland v. Pringle*, 540 U.S. 366, 369 (2001). A seizure occurs where the government ends a person's freedom of movement by intentionally applied means. *Scott v. Harris*, 550 U.S. 372, 381 (2007). A claim of excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Id.*

A police officer's use of a police dog in effecting an arrest is subject to an excessive force analysis. *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998); *Mendoza v. Block*, 27 F.3d 1357, 1362 (9th Cir. 1994), *as amended* May 31, 1994. Liberally construed, the allegations of the FAC set forth a cognizable Section 1983 claim as to Officers K. Xiong and G. Tushnet pursuant to the Fourth Amendment for the alleged use of excessive force.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff states a cognizable Section 1983 claim against Defendants G. Tushnet and K. Xiong for Fourth Amendment violations for their alleged use of excessive force;

2. Service is appropriate when service documents are submitted to the Court and forwarded to the United States Marshal;

3. The Clerk of the Court is DIRECTED to send Plaintiff two USM-285 forms, two summonses, an instruction sheet, a notice of submission of documents form, and one copy of the first amended complaint filed on November 23, 2011; and

4. Within thirty days (30) from the date of service of this order, Plaintiff is DIRECTED to complete the attached notice of submission of documents and to submit the completed notice to the court with the following documents:

    a. Completed summonses;
    b. One completed USM-285 form for each defendant listed above;
    c. Three copies of the endorsed FAC filed in this Court; and
    d. Plaintiff need not attempt service on defendants.

IT IS SO ORDERED.

Dated: **January 25, 2012**          **/s/ Sheila K. Oberto**
                                      UNITED STATES MAGISTRATE JUDGE